UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMAAR J. KING,

      Petitioner,

v.                                                                    Case No:  6:23-cv-398-JSS-RMN

SECRETARY, DEPARTMENT OF
CORRECTIONS,

      Respondent.
_____/

## ORDER

Petitioner Jamaar J. King initiated this case on February 22, 2023, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Petition, Dkt. 1.)  Respondent filed a Response to Petition.  (Response, Dkt. 12.)  Petitioner did not file a Reply to the Response.  For the reasons set forth below, the Petition is denied as untimely.

## BACKGROUND

Petitioner was charged by Amended Information with trafficking in 14 grams or more of oxycodone (Count I) and conspiracy to traffic in 14 grams or more of oxycodone (Count II). (Dkt. 12-1 at 11–12.)  A jury trial was held, and Petitioner was found guilty of both counts. (*Id*. at 210–11.)  The trial court adjudicated Petitioner guilty of the crimes and sentenced him to twenty-three years' imprisonment.  (*Id*. at 249–51, 624.)

Petitioner appealed to Florida's Fifth District Court of Appeal ("Fifth DCA"), which affirmed his conviction and sentence on June 30, 2015. (*Id.* at 297.) Mandate issued on July 24, 2015. (*Id.* at 296.)

On July 1, 2016, Petitioner filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800, which was denied on July 12, 2017.[1] (*Id.* at 299–302, 329–31.) Petitioner did not appeal.

On June 28, 2017, Petitioner filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850, which he later amended. (*Id.* at 304–27.) On June 25, 2019, the trial court entered an order denying Claims One, Two, Four, Five, and Nine; granting an evidentiary hearing as to Claims Three, Six, Seven, Eight, and Ten; and reserving ruling on Claim Eleven. (*Id.* at 605–16.) After the evidentiary hearing, the trial court entered an order on May 17, 2021, denying the remaining claims and denying post-conviction relief under Rule 3.850. (*Id.* at 519–32.) On August 9, 2022, the Fifth DCA affirmed the denial of post-conviction relief. (*Id.* at 783.) Mandate issued on September 2, 2022. (*Id.* at 782.)

On July 17, 2017, while his Rule 3.850 proceeding was pending, Petitioner filed a state petition for writ of habeas corpus, which the Fifth DCA denied on November 17, 2017. (*Id.* at 337–53, 373.) Petitioner filed his Petition before this court on

---

[1] Unless otherwise noted, any post-conviction pleadings filed by Petitioner were pro se. References to the filing date of those pleadings shall be the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (holding that under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

February 22, 2023.  As the court can resolve the entire Petition on the basis of the record, an evidentiary hearing is not warranted.  *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

## ANALYSIS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) as contained in 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2244(d)(1).

The Fifth DCA affirmed Petitioner's conviction on June 30, 2015. (Dkt. 12-1 at 297.) Petitioner had ninety days, or through September 28, 2015, to petition the Supreme Court of the United States for a writ of certiorari, which he did not do. *See* Sup. Ct. R. 13(3) (the 90-day period commences upon the date of entry of order, not the mandate); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the Supreme Court of the United States has expired).

Thus, under section 2244(d)(1)(A), the judgment of conviction became final on Monday, September 28, 2015, and the limitations period began running the next day: Tuesday, September 29, 2015. Petitioner, therefore, had until September 29, 2016, absent any tolling, to file a federal habeas corpus petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (applying Fed. R. Civ. P. 6(a)(1) in computing the AEDPA's one-year limitations period to run from the day after the date of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (citing *Ferreira v. Sec'y Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Under section 2242(d)(2), the limitations period tolls during the pendency of "a properly filed application for State post-conviction or other collateral review." Thus, though the one-year limitation period began to run on September 29, 2015, it was tolled beginning on July 1, 2016, when Petitioner filed his motion to correct illegal sentence, after 277 days had elapsed. (*See* Dkt. 12-1 at 299–302.) The limitations

period resumed running on September 2, 2022, when the Fifth DCA issued its mandate regarding the appeal of the denial of Petitioner's separate motion for post-conviction relief. (*Id.* at 782.) Thus, the one-year limitations period expired 88 days later, on November 29, 2022. Accordingly, the Petition, filed on February 22, 2023, was untimely.

Petitioner has not identified any valid statutory ground for extending the deadline for filing the Petition. (*See* Dkt. 1 at 15–16.) And, though the Supreme Court has held "that § 2244(d) is subject to equitable tolling in appropriate cases," *Holland v. Florida*, 560 U.S. 631, 645 (2010), Petitioner does not argue for the application of equitable tolling, or that he is actually innocent, *see McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."). Consequently, the Petition remains untimely, and is denied.

## CERTIFICATE OF APPEALABILITY

"Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the 'district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.'" *Ray v. State*, No. 2:24-cv-525-JES-NPM, 2024 WL 2978327, at *1 (M.D. Fla. June 13, 2024). "Because Petitioner is not entitled to habeas corpus relief, the [c]ourt must now consider whether he is entitled to a certificate of appealability. It finds that he is not." *Id.*

The court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims and procedural rulings debatable or wrong. Further, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability and leave to appeal in forma pauperis.

## CONCLUSION

Accordingly,

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED as untimely**, and this case is **DISMISSED with prejudice**.

2. Petitioner is **DENIED** a certificate of appealability and leave to appeal in forma pauperis.

3. The Clerk is **DIRECTED** to enter judgment in favor of Respondent and to close this case.

**ORDERED** in Orlando, Florida on October 16, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party